but the case was not carried further, and I see no occasion to doubt the soundness of the instruction. But rent stands on a very different foundation, because there is no right of action at the time of the bankruptcy, excepting for the arrears.

There is another sufficient answer to this part of the case. The petitioners have availed themselves of the power of re-entry, and have put an end to the estate of the bankrupt and repossessed themselves "as of their former estate." Such an entry is an eviction, and puts an end to the rent by operation of law, and by the terms of this lease, though by law and by contract they do not thereby waive any existing right of action for rent in arrear, or "preceding breach of covenant." This is all that their disclaimer amounted to, and if it were not, they cannot be heard after they have entered and exercised all acts of ownership and relet the premises, to say that they have not entered as lessors nor to repossess the premises, but merely as agents of the lessee, and to save the estate from waste. We have already seen that this lease confers no power or agency upon the petitioners in this matter, and their entry must be taken to be according to their right. It is immaterial whether the bankruptcy was the breach for which they entered; it is enough that they have entered lawfully, and have ended the term and the rent together. If the lease had been valuable, and they had relet the shop for an increased rent, I do not see how the assignees could have made any valid objection to the re-entry.

The petitioners have not waived any right they had before entry, and may prove for such damages as they have suffered by the changes made in the stairway and shelves. The case was heard by the register, Mr. Ellis, whose rulings were in accordance with my views in every particular. I find on this point that he refrains from assessing the damages, and refers the whole matter to the court. It was said at the argument that the register had once assessed these damages at seventy-six dollars, after a full hearing. If so he must have reviewed his decision, for he reports a mere reference to the court, and by consent of the parties omits the evidence. Upon the proofs before me I consider fifty dollars to be ample damages, and assess the same accordingly.

The petitioners are entitled to prove for one year's taxes. Any argument which shall establish their right to prove for those of 1868 will be equally strong to prevent the proof for 1869. The covenant is to pay all taxes assessed during the term, and taxes are assessed as of the first day of May. The tenancy began June 1, 1868, and ended about September 1, 1869. It seems to me that under this covenant the lessee was bound to pay the taxes for 1869, and not those for 1868, and the former having been due in theory of law at the time of the bankruptcy, though not payable until afterwards, may be proved. This debt is not entitled to preference, because as between these parties it rested in contract merely, and was to all intents and purposes a part of the rent. The taxes were not assessed to the bankrupt nor to the petitioners, and the city had no right to prove them in the bankruptcy. There is no right of preference or lien to which the petitioners can be subrogated, but only a right of action over against Fortune, if he should neglect to pay the taxes to the petitioners on demand after they had themselves paid them. Parol evidence was offered to show that both parties understood that the taxes of 1868 were to be paid by the tenant, but such evidence was inadmissible, and was rightly taken by the register only de bene. There was no offer to show a new contract by parol founded on a new consideration, but merely to explain the lease.

Let orders be drawn in accordance with this opinion.

## Case No. 6,726.
In re HOUGHTON.
[See Case No. 6,727.]

## Case No. 6,727.
In re HOUGHTON.
[4 Law Rep. 482.]

District Court, S. D. New York. Feb., 1842.

BANKRUPTCY—JURAT IN PETITION—FRAUD.

1. In the petition to be declared a bankrupt, the date of the jurat is not essential.

2. A fraudulent transfer by the petitioner will not prevent his being declared a bankrupt.

This was the case of a petition by Charles P. Houghton, to be declared a bankrupt under the late act of the congress of the United States [5 Stat. 440]. Upon a notice to show cause, several objections were made to the decree, to the effect, that there was no date to the jurat; that the petitioner converted trust funds to his own use in May, 1840; and that, in October, 1839, he fraudulently conveyed property to his father in trust for his wife.

BETTS, District Judge. The petition is dated on the 7th of February, without specifying the particular day, and, it is said, this renders the petition imperfect—that no remedy could be had against the party for false swearing, because there could be no proof as to when such false swearing occurred. The objection is not one of substance. The offense would be false swearing, and it forms no part of the attestation that the date should be affixed. It would be sufficient if the party were indicted for false swearing, to shew that the oath was made. If the party were accused of swearing falsely on the 7th of February, it might be proved that it was any other day.